# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KIRK DOUGLAS LEAPHART,      Case No. 08-12277
    *pro se*,

    Plaintiff,      District Judge
     Arthur J. Tarnow
v.

     Magistrate Judge
CYNTHIA DIANE STEPHENS,      Donald A. Scheer

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, AND DISMISSING CASE

Before the Court is Plaintiff's application to proceed *in forma pauperis*. The Court has reviewed Plaintiff's application and affidavit, as well as the Complaint. For the reasons stated below, the Court GRANTS Plaintiff's request to proceed *in forma pauperis*, but DISMISSES the Complaint.

Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff has demonstrated that he cannot prepay fees associated with his suit. Therefore, Plaintiff qualifies for *in forma pauperis* status.

However,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), observes that section 1915(e)(2) is not discretionary, but states that a court "shall dismiss the case," if the conditions above are met.

Here, Plaintiff has sued a state court judge for her actions and decisions in a lawsuit before her, specifically, "direct[ing] her clerk to enter an adjournment of trial." Defendant is entitled to absolute judicial immunity for such conduct.

Only two circumstances prevent the application of absolute judicial immunity.

> First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (citations omitted). The Court need not address the jurisdictional issue, because it is clear that Defendant's conduct here was taken in her judicial capacity.

The determination of whether an action is judicial "depends on the 'nature' and 'function' of the act, not the 'act itself.'" *Id*. (citing *Mireles v. Waco*, 502 U.S. 9, 13, 112 S.Ct. 286 (1991) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)).

> This functional analysis typically turns on two factors set forth by the Supreme Court in *Stump v. Sparkman*. First, looking to the nature of the act, courts must determine "whether it is a function normally performed by a judge." This determination requires the court to "look to the particular act's relation to a general function normally performed by a judge." Second, looking to the expectations of the parties, courts must assess whether the parties dealt with the judge in his or her judicial capacity.

*DePiero*, 180 F.3d at 784 (internal citations omitted).

Here, the conduct complained of is the judge's decision relating to the suit before her. That clearly is a function "normally performed by a judge." In addition, the adjournment reflects the judge's decision to manage the case and her docket. Control of the judge's court and courtroom is considered a judicial function. *See Sheppard v. Maxwell*, 384 U.S. 333, 358, 86 S.Ct. 1507, 1520 (1966).

As to the second factor, Plaintiff was clearly dealing with the judge in her judicial capacity, that is, in her role presiding over his lawsuit. Accordingly, Defendant's conduct was a judicial act, and she is therefore entitled to absolute judicial immunity.

For the foregoing reasons, Plaintiff's complaint is frivolous, and seeks monetary relief from a Defendant who is immune to such claims. Therefore,

2

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: May 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager